Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50413 | **DATE** | 6/11/2003 |
| **CASE TITLE** | Humphrey, et al vs. East Mfg. Corp, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, Ryder's Motion to Amend is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 11 2003 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/11/2003 | |
| | | 03 JUN 11 AM 10:05 | date mailed notice | |
| sp | courtroom deputy's initials | FILED-WD | sp | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| VICTORIA L. HUMPHREY, Administrator of the Estate of ALLEN L. HUMPHREY, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| EAST MANUFACTURING CORPORATION, a Corporation and RYDER TRUCK RENTAL, INC., a Corporation, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | Case No. 98 C 50413 |
| RYDER TRUCK RENTAL, INC., | ) ) | Philip G. Reinhard |
| Third-Party Plaintiff | ) ) | P. Michael Mahoney |
| v. | ) ) | |
| NORTHWESTERN STEEL AND WIRE COMPANY, | ) ) ) | |
| Third-Party Defendant. | ) | |

### Memorandum Opinion and Order

Defendant and Third Party Plaintiff Ryder Truck Rental, Inc.("Ryder") filed, on April 30, 2003, a Motion to Amend the Third Party Complaint for Contribution of Ryder ("Motion to Amend") seeking to add additional issues and language in its prayer for relief. This Court ordered both parties to submit briefs in regards to their positions to Ryder's Motion to Amend. Ryder filed its brief ("Ryder's Brief") on May 8, 2003. Third Party Defendant, Northwestern Steel and Wire

Company ("NS&W") filed its brief ("NS&W's Brief") on May 9, 2003.[1] For the following reasons, Ryder's Motion to Amend is denied.

**Background**

Victoria Humphrey ("Plaintiff"), on behalf of her husband Allen Humphrey ("Plaintiff's decedent"), now deceased, filed a nine count complaint alleging, among other things, wrongful death of her husband. (Compl. at ¶¶ 1-15). Allegedly, on April 23, 1997, Plaintiff's decedent, an employee of NS&W and operating a tractor-trailer owned by Ryder and leased to NS&W, approached the intersection of Illinois Route 2 and Lynn Boulevard in the City of Sterling. (Compl. at ¶8). As he approached the intersection, Plaintiff's decedent had to stop the tractor-trailer to allegedly avoid striking another vehicle. (*Id.*). While in the process of applying the brakes on the tractor-trailer, the forty eight steel I beams, allegedly loaded at the NS&W plant, shifted forward on the trailer, knocking an extruded aluminum cab protector, mounted on the frame of the tractor, against the cab of the tractor and collapsing the cab of the tractor in and upon Plaintiff's husband. (*Id.*). Plaintiff subsequently filed suit against Ryder, on December 15, 1998.

A. *Ryder's Third Party Complaint*

On July 5, 2000, Ryder filed a two count Third Party Complaint against NS&W for contribution. In Count I (negligence), Ryder alleges that it was the duty of NS&W to exercise all due care and caution for the safety of its employees and it breached that duty because it: 1) failed to train Plaintiff's decedent how to properly secure his load on the tractor-trailer in a safe manner so

---

[1] NS&W also decided to file a Reply brief without permission from this Court. This, in turn, led to Ryder's counsel filing an affidavit disputing some of the assertions made in NS&W's brief. This Court did not read NS&W's Reply nor did it read Ryder's counsel's affidavit. Both have been added to the court file but neither played any part in this decision.

2

as to avoid injury; and 2) failed to properly supervise the Plaintiff's decedent in the performance of his work. (Third Party Compl. at ¶5). In Count II (contractual indemnity), Ryder alleges that because NS&W negligently performed its duties under the relevant provisions of the contract between Ryder and NS&W, and because NS&W breached the contract, Ryder is entitled to indemnity from NS&W. (Third Party Compl. at ¶¶ 5-12). Specifically, Ryder cites Paragraph 7(c) of the Lease between Ryder and NS&W which states: "Customer agrees that the Vehicles will not be operated by a driver ... in a reckless or abusive manner, ... or improperly loaded ... not withstanding any other provision of this agreement, Customer agrees to reimburse Ryder in full for damages, including expenses, resulting from a violation of this provision ... ." Therefore, in its prayer of relief, Ryder sought its *pro rata* share of the common liability.

B. *Scheduling Orders*

On October 20, 2000, this Court held a telephonic discovery conference wherein the fact discovery cut-off date and amendment to pleadings date was set for March 30, 2001, with dispositive motions due April 30, 2001. Four months later, on February 2, 2001, discovery was stayed as NS&W entered bankruptcy. On September 14, 2001, this Court again changed the scheduling order and set April 1, 2002 as the fact discovery and amendment of pleadings cut-off date. Dispositive motions were due May 1, 2002. However, six months later, this Court again modified its scheduling order, at the request of the parties, and established a fact discovery and amendment of pleadings cut-off date of August 16, 2002. Once again, at the request of the parties, four months later, this Court modified its scheduling order and established a fact discovery and amendment of pleadings cut-off date of December 31, 2002. Finally, on January 15, 2003, again at the request of the parties, this Court set a fact discovery cut-off date of February 23, 2003. However, missing from the submission

3

of new dates was a new date for any amendment of pleadings. Thus, on record the date to amend pleadings remained December 31, 2002.

C. *Ryder's Amended Third Party Complaint*

On February 13, 2003, Ryder filed a Motion to Amend its third party complaint. On April 1, 2003, Ryder withdrew its Motion to Amend. On April 30, 2003, Ryder, for the second time, filed its Motion to Amend seeking to add that NS&W: 1) failed to secure the load on the vehicle operated by the decedent with chains of a proper weight and strength; 2) failed to secure the load on the vehicle operated by the decedent with chain tie-downs of a proper weight and strength; and 3) failed to secure the load on the vehicle operated by the decedent at proper intervals as required by the U.S. Department of Transportation. (Third Party Am. Compl. at ¶6). Ryder also seeks to add an argument that, pursuant to the lease agreement between Ryder and NS&W, NS&W waived its *Kotecki* limits. Additionally, Ryder seeks to add, in its prayer for relief under both Counts I and II, the following language: "It is further prayed that said judgment be entered in the entire amount awarded by the jury in this cause without reduction or limitation, as any such limitation on the contribution of the employer has been waived." (*Id.* at 7).

D. *NS&W's Objections*

NS&W objects to Ryder's Motion to Amend on three grounds: 1) the time allowed for amending pleadings has long passed pursuant to court order; 2) Ryder's motion does not establish that the automatic bankruptcy stay has been lifted as to any of the causes of action alleged in its Third Party Complaint; and 3) Ryder has waited over two and a half years to file this motion. (NS&W's Br. at 1).

NS&W's first argument, that the time allowed for amending pleadings has long passed, is

4

based on this court's July 24, 2002 Order that amendments to pleadings were due on or before December 31, 2002. (NS&W's Br. at 2). Additionally, NS&W argues that, even assuming Ryder brought the Motion to Amend within the time allowed, the motion must still be denied because of Ryder's "undue delay" in waiting to file this motion. *Foman v. Davis*, 371 U.S. 178, 182 (1962)(stating motions to amend can be denied if there is undue delay, bad faith, dilatory motive on the part of the movant, or futility of the amendment).

As for the second argument, NS&W argues that the bankruptcy stay was lifted only to the extent that there was insurance coverage for NS&W's potential liability in this case. (NS&W's Br. at 2). Nowhere in Ryder's motion, NS&W argues, has Ryder demonstrated that either of its two causes of action or the proposed amendments would be covered by NS&W insurance. Without such information, NS&W argues the bankruptcy stay prevents Ryder from prosecuting and amending allegations against NS&W that have not been shown to be covered by insurance. (*Id.* at 3).

Lastly, NS&W argues that Ryder's Third Party Complaint against NS&W was originally filed on July 3, 2000 and the bases for the allegations which Ryder seeks to add have not changed since that time. (*Id.*). In fact, NS&W alleges, the very allegations Ryder seeks to add, Ryder was fully aware of when it filed its original complaint. Therefore, because Ryder has had knowledge of these facts for over two and a half years, NS&W argues such undue delay should prevent them from amending their complaint.

E. *Ryder's Response*

Ryder's response to NS&W's first objection, that the motion is time barred by this court's scheduling order, is that it is Ryder's recollection that the parties stipulated to extend all dates by sixty days during a telephonic conference with the Magistrate Judge on January 15, 2003. (Ryder's

5

Br. at 2). Ryder argues that the parties, throughout this litigation, had simultaneous dates for the fact discovery cut-off date and the date to amend pleadings and that was the intention of both sides on January 15, 2003.

In terms of NS&W's second argument, that the automatic stay prevents Ryder from amending this complaint, Ryder argues that Ryder's motion to lift the automatic stay was granted by the bankruptcy court and the restraining provisions of 11 U.S.C. §362 were modified to permit Ryder to resume full prosecution of this above named action. (*Id.* at 4-5). Thus, while NS&W argues that Ryder is limited only to the insurance action pursuant to the automatic stay, Ryder asserts that there is no limitation at all.[2]

Lastly, in terms of undue prejudice, Ryder argues that NS&W overlooks the fact that the prayer for relief, as currently stated in the complaint, seeks "a judgment ... for the full amount of its *pro rata* share of the common liability ... ." (*Id.* at 6). That prayer for relief, Ryder argues, is inconsistent with any limitations such as those imposed by *Kotecki*. Thus, Ryder asserts that NS&W has been aware for years that Ryder was seeking total contribution without limitation. (*Id.* at 7).

## Discussion

Generally, a leave to amend the complaint is liberally granted. Fed. R. Civ. P. 15(a). However, the granting or denying of the opportunity to amend is within the discretion of the district court. *See Foman,* 371 U.S. at 182; *Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 849-50 (7th Cir. 2002). The court will deny a leave to amend because of undue delay, bad faith or

---

[2] It appears that Ryder is correct in its argument. On July 18, 2001, Judge Barbosa, Bankruptcy Judge for the Northern District of Illinois, Western Division, entered an order granting Ryder's motion for relief from the automatic stay and allowing Ryder to resume the prosecution towards final resolution of its claims against NS&W. Thus, NS&W is incorrect that the automatic stay prevents Ryder from amending its complaint.

6

dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. *See Thompson v. Boggs,* 33 F.3d 847, 853 (7th Cir 1994) (citing *Foman*, 371 U.S. at 182).

However, where a party seeks leave to amend a pleading after the passage of the deadline in the trial court's scheduling order, Rule 16(b), and not Rule 15(a), dictates. Rule 16(b) demands that "[a] schedule shall not be modified except upon a showing of good cause ... ." Fed. R. Civ. P. 16(b). Courts generally look to Rule 16(b) instead of Rule 15(a) in these situations because to not do so "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir. 1999)(citing *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). In determining "good cause," courts look to whether the moving party exercised "due diligence" in failing to meet the court's deadline. *See Trustmark Ins. Co. v. General Cologne Life Reinsurance of America*, No. 00 C 1926, 2001 WL 1268539, *14 (N.D. Ill. Oct. 22, 2001)(citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Thus, before this Court may proceed, it must first determine what was the deadline for the filing of amended pleadings.

After reviewing the court file, this Court finds it mysterious that the last scheduling order does not include a cut-off date to amend pleadings. However, after reviewing the document submitted by both parties in asking for an extension to the scheduling order, this Court notes that a cut-off date to amend pleadings is not included. Even more problematic, is that while under normal circumstances this Court could review the transcript to determine whether a cut-off date to amend pleadings was even discussed, the parties in the instant action preferred to proceed telephonically – leaving no record. However, this Court does have the parties Agreed Amended Joint Report of the

7

Parties Pursuant to F.R.C.P 26(f), in which both parties agreed "Discovery shall be closed as of February 28, 2003." This Court can only conclude, based on the previous five amendments to the scheduling order where the fact discovery cut-off date was the same as the cut-off date to amend pleadings, that in making a statement that "Discovery shall be closed as of February 28, 2003," the parties meant to also have that date be the cut-off date to amend pleadings.

However, while some cause may have existed for Ryder to believe the cut-off date to amend pleadings was extended to February 28, 2003 along with the fact discovery cut-off date, Ryder withdrew its original Motion to Amend filed before February 28, 2003, and then filed it again on April 30, 2003. Ryder argues the cut-off date was February 28, 2003 but then asks this Court to accept a pleading filed almost sixty days beyond that date.

Further, with a dispositive motion due date on the horizon, and a 1998 case slowly meandering through the district court, this Court finds little reason to encourage any delay such as Ryder's and/or NS&W's possible need to depose additional witness and to extend discovery and the dispositive motions due date in anticipation of additional discovery. It does not appear that any new facts have surfaced which warrant an amendment to the complaint. Ryder has had ample opportunity and time to amend its complaint. While this Court acknowledges that Ryder's counsel was not the original counsel of record, it should be noted that Ryder's current counsel has been counsel of record since August 2002, giving counsel plenty of time to amend its complaint. Additionally, this Court notes that under a notice pleading standard, Ryder's inclusion of the contract language and its prayer for relief, which seeks "a judgment ... for the full amount of its pro rata share of the common liability ...," in the original complaint may have given NS&W notice that Ryder is seeking total contribution. *See Trepainer v. Ryan*, 2003 WL 21209832, at *6 (N.D. Ill. May 21, 2003)("Notice pleading requires

a plaintiff to give a defendant fair notice of the claim against him and the grounds upon which it rests, *i.e.*, it must contain 'enough to allow the court and the defendant to understand the gravamen of plaintiff's complaint.'")(citing *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000)); *see also* Fed. R. Civ. P. 8(a).

### Conclusion

For the above mentioned reasons, Ryder's Motion to Amend is denied.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 6/11/03