Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 50413 | DATE | 12/17/2003 |
| CASE TITLE | Humphrey vs. East Manufacturing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants the motion of East Manufacturing for leave to file a sur-reply brief and grants the motion of Northwestern Steel & Wire to dismiss the third- party complaint of East Manufacturing.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 17 2003 | 118 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12-17-03 | |
| LC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Third-party defendant, Northwestern Steel & Wire (NS&W), which is also a debtor in a pending Chapter 7 proceeding in bankruptcy court, has filed a stipulation to waive its workers' compensation lien "to the full extent that [it] has a right or interest in such a lien." Third-party plaintiff, Ryder Truck, has filed an objection to the stipulation, asserting that the bankruptcy trustee and the State of Illinois, who has become responsible for the continued payment of workers' compensation benefits to plaintiff's decedent's estate, are the only entities that have authority to waive any workers' compensation lien.

In a related motion to dismiss under Fed. R. Civ. P. 12(c), NS&W seeks dismissal of third-party plaintiff, East Manufacturing's, complaint because under Illinois law NS&W's liability is limited to the amount of the workers' compensation lien (see Kotecki v. Cyclops Welding Corp., 146 Ill. 2d 155 (1991)) and NS&W has stipulated to waiving its lien thereby eliminating any basis for recovery against it. East Manufacturing has objected to the motion to dismiss, contending that it is "unclear as to whether [NS&W] even possesses any workers' compensation lien rights or possesses the requisite authority to waive any such purported lien rights" because of the bankruptcy proceeding and the fact that the State of Illinois has assumed responsibility to pay the workers' compensation obligation of NS&W. East Manufacturing further argues that NS&W cannot waive any lien because the amount of the lien has not yet been determined. East Manufacturing has also moved for leave to file a sur-reply brief in further opposition to NS&W's motion to dismiss.

As an initial matter, the court grants East Manufacturing's motion for leave to file a sur-reply brief.

Under Rule 12(c), a party can move for judgment on the pleadings after the filing of both the complaint and the answer. Brunt v. Service Employees International Union, 284 F. 3d 715, 718 (7th Cir. 2002). A court will grant a Rule 12(c) motion only when it appears beyond doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved. Brunt, 284 F. 3d at 718-19.

Under Illinois law, which applies to this diversity action, a third-party defendant-employer's liability is limited to the extent of its workers' compensation lien. Kotecki, 146 Il. 2d at 165-66. By waiving its lien, the employer may avoid liability for contribution to other tortfeasors allegedly responsible for the worker's injury. LaFever v. Kemlite Co., 185 Ill. 2d 380, 399 (1998).

Furthermore, under section 4a-6 of the Workers Compensation Act, the Self-Insurers Advisory Board (Board) "shall be a party in interest in all proceedings involving compensation claims against an insolvent self-insurer whose compensation obligations have been paid or assumed by the Board and shall have all rights of subrogation of the insolvent employer." 820 ILCS 305/4a-6(b) (West 2003). Additionally, the Board "shall assume and may exercise all rights and defenses of the insolvent self-insured" (820 ILCS 305/4a-6(b)) including the right to "receive notice of, investigate, adjust, compromise, settle and pay claims" (820 ILCS 305/4a-6(b)(2)). While there are no Illinois cases interpreting these provisions, the court reads them as giving the Board the right to a workers' compensation lien to the extent the Board has paid the obligation of NS&W. The question of whether the Board can waive such a lien is not squarely before this court because the Board is not a party to this action.

NS&W, however, is a third-party defendant here. To the extent that NS&W paid a portion of its workers' compensation obligation prior to becoming insolvent and retains a lien in that regard, NS&W would retain authority to waive that lien and avoid liability under the third party complaint for contribution.

This case is unique, however, in that NS&W is a debtor in a Chapter 7 bankruptcy proceeding. The trustee in that proceeding has been authorized to waive the workers' compensation lien here to the extent " he may have [such rights] to workers' compensation liens." The attorney for the trustee stated to this court at a status hearing on December 15, 2003, that the trustee agreed with NS&W's decision to waive its lien in this proceeding and that it was the trustee that sought appointment of counsel that represents NS&W here.

Under these circumstances, any lien that exists apart from one possessed by the Board has been effectively waived by NS&W and the bankruptcy trustee. Thus, under Illinois law, there is no longer any basis for third-party liability in contribution against NS&W. Therefore, the court dismisses NS&W as a third-party defendant. This ruling necessarily also applies to the third-party contribution claim in Count I of Ryder Truck's third-party complaint against NS&W notwithstanding the lack of a motion to dismiss in that regard.