Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 50413 | DATE | 12/17/2003 |
| CASE TITLE | | Humphrey vs. East Manufacturing | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the reverse memorandum opinion and order, the court denies Northwestern Steel & Wire's (NS&W) motion to strike and grants NS&W's motion for summary judgment as to Count II of Ryder Truck's third-party complaint. NS&W is hereby dismissed as a party to this action.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 17 2003 | 119 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12-17-03 date mailed notice | |
| LC | courtroom deputy's initials | | Date/time received in central Clerk's Office | DW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Third-party defendant, Northwestern Steel & Wire (NS&W), which in a separate order has been dismissed as a third-party defendant under Count I of Ryder Truck Rental, Inc's (Ryder) third-party complaint, has filed a motion for summary judgment directed at Count II of Ryder's third-party complaint alleging a cause of action based on an indemnification agreement in the lease between NS&W and Ryder. NS&W contends that it is not obligated to indemnify Ryder for Ryder's own negligence because the indemnification language relied on by Ryder does not clearly and explicitly include indemnification for Ryder's own negligence.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003). As an initial matter, the court denies NS&W's motion to strike certain facts from Ryder's Local Rule 56.1(b)(3)(B) statement of additional facts.

The law in Illinois, which applies to this diversity case, unequivocally provides that indemnity agreements are to be strictly construed against the indemnitee. Karsner v. Lechters Illinois, Inc., 331 Ill. App. 3d 474, 476, 771 N.E. 2d 606, 608 (2002). Thus, an indemnification agreement will not be construed as indemnifying against a party's own negligence unless such construction is required by clear and explicit language in the contract, or such an intention is expressed in unequivocal terms. Karsner, 331 Ill. App. 3d at 476, 771 N.E. 2d at 608. The intention to indemnify another for its own negligence is unusual and extraordinary, and there can be no presumption that an indemnitor intends to assume the responsibility unless the contract by express stipulation provides for such beyond a doubt. Karsner, 331 Ill. App. 3d at 476-77, 771 N.E. 2d at 608 (citing Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp., 395 Ill. 429, 70 N.E. 2d 604 (1946). When interpreting an indemnity agreement, the agreement must be given a fair and reasonable interpretation based upon a consideration of all the language and promises in the contract. Karsner, 331 Ill. App. 3d at 477, 771 N.E. 2d at 608.

In the present case, Ryder relies on paragraphs 10(a)(4), 10(a)(6), and 11(c)(4) of the lease agreement for its contention that it has a valid claim for indemnification. A careful examination of those provisions, however, as well as paragraph 7(c), indicates there is no clear and explicit language pertaining to indemnification of Ryder for its own negligence. While Ryder seizes on the broad language in those provisions, particularly that in paragraph 10(a)(6) related to the death of a driver, to argue that its own negligence is necessarily included in the indemnification agreement, such broad, inclusive language is the antithesis of the clear and explicit specification of negligence required by Illinois law.

The court is also not persuaded by Ryder's innovative argument that the degree of culpability in a given case dictates whether indemnification applies to a party's own negligence. There is simply no such rule, express or implied, that can be extracted from the Illinois cases addressing the issue.

Because the indemnification provisions at issue in this case do not clearly and explicitly provide for indemnification based on Ryder's own negligence, Ryder cannot maintain a claim for indemnification against NS&W based on its own negligence. Thus, the court grants summary judgment in favor of NS&W on Count II of Ryder's third-party complaint.